**FILED**

NOV 1 2 2024

LESLIE MASON
CIRCUIT CLERK

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## BLYTHEVILLE DEPARTMENT - CIVIL DIVISION

**MICHAEL WARNER**                                               **PLAINTIFF**

**V.**                          CASE NO. 47BCV-24- 440      *sm*

**LOWE'S HOME CENTERS, LLC**                                     **DEFENDANT**

### COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Michael Warner, by and through his attorneys of record, DASPIT LAW FIRM, PLLC, and for his Complaint with Demand for Jury Trial against the Defendant, Lowe's Home Centers, LLC, respectfully states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      This is a negligence case which arises from a slip-and-fall incident that occurred on or about October 22, 2024, at the Lowe's Home Center store located at 3790 East Main Street, Blytheville, AR 72315, also known as Lowe's Store # 2534.

2.      Plaintiff, Michael Warner (hereinafter "Plaintiff"), was at the time of the incident complained of herein a resident of Poinsett County, Arkansas.

3.      Defendant, Lowe's Home Centers, LLC (hereinafter "Defendant), is a foreign for-profit limited liability company registered in the State of North Carolina in good standing with the Arkansas Secretary of State. Defendant's principal place of business is located at 1000 Lowes Boulevard, Mooreseville, NC 28117.

4.      Defendant may be served with process through its registered agent, Corporation Service Company, located at 300 South Spring Street, Suite 900, Little Rock, AR 72201.

5.      On information and belief, Defendant owned and operated the Lowe's Home Center store located at 3790 East Main Street, Blytheville, AR 72315.

6.      This Court has jurisdiction over the parties to and the subject matter of this action, and venue is proper in Mississippi County.

## FACTS

7.      On or about October 22, 2024, Plaintiff was shopping at the Lowe's Home Center store located at 3790 East Main Street, Blytheville, AR 72315.

8.      On information and belief, Defendant owns and/or operates the Lowe's Home Center store located at this address.

9.      Defendant operates the Lowe's Home Center store to entice patrons such as Plaintiff to enter the location as business invitees to purchase construction materials, tools, appliances, and all other matter of home improvement goods from the Defendant.

10.     At all times relevant hereto, Plaintiff was on Defendant's said business premises, lawfully, and rightfully, as an invitee.

11.     After entering the store owned and operated by Defendant, while attempting to enter the restroom stall, Plaintiff slipped on a foreign slippery substance that had not been cleaned up or properly marked and fell to the ground, hitting his head and being knocked unconscious.

12.     As a result of the fall, Plaintiff sustained personal injuries and damages.

13.     On information and belief, the condition of the wet floor was a known liability hazard of which Defendant's employees and/or agents knew or should have known, and they failed to adequately warn the business invitees to the store of the hazard existing on the property.

## COUNT I - NEGLIGENCE

14.     The allegations of the preceding paragraphs are incorporated herein as though stated word-for-word.

15.     Defendant, and its employees and/or agents, owed a duty to Plaintiff and others to use ordinary care to maintain the premises in a reasonably safe condition.

16.     The presence of the slippery foreign substance upon the floor of the premises was the result of the failure of Defendant and its employees and/or agents to use ordinary care.

17.     Defendant and its employees and/or agents knew of the slippery foreign substance's presence on the floor of the premises.

18.     The slippery foreign substance had been on the floor of the premises for such a length of time that Defendant and its employees and/or agents reasonably should have known of its presence.

19.     Defendant and its employees and/or agents knew or should have known that the presence of the slippery foreign substance on the floor of the premises created a dangerous condition that could result in personal injury to its patrons of this location.

20.     Defendant and its employees and/or agents failed to act with ordinary care to remove the slippery foreign substance from floor of the premises.

21.     Defendant and its employees and/or agents failed to warn of the hazardous wet floor that posed danger to its patrons.

22.     The negligent acts and omissions of Defendant's employees and/or agents are imputed to Defendant through their employer and/or principal.

23.    Defendant is responsible and vicariously liable for the negligence under the legal doctrine of joint enterprise, respondeat superior liability, and/or the principles of agency as adopted by the State of Arkansas.

## DAMAGES

24.    Defendant's acts and omissions, as described above, were the cause in fact and proximate cause of the occurrence that was reasonably foreseeable and is the subject of this action.

25.    As a direct and proximate result of the Defendant's negligence, as described above, Plaintiff suffered physical injuries throughout his body.

26.    As a further direct and proximate result of the Defendant's negligence and of Plaintiff's injuries, Plaintiff endured great pain, suffering, and mental anguish and will continue to endure these conditions into the future.

27.    As a further direct and proximate result of the Defendant's negligence and of Plaintiff's injuries, Plaintiff was placed under the care of physicians and has incurred medical expenses, including transportation expenses necessarily incurred in securing such care, and he is likely to incur additional medical expenses in the future.

28.    As a result of Defendant's negligent conduct, Plaintiff should be compensated for the nature, extent, duration, and permanency of his injuries as set out herein.

29.    **PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PRESENTED HEREIN.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Michael Warner, prays for judgment over and against Defendant, Lowe's Home Centers, LLC, in an amount exceeding the threshold required to establish federal subject matter jurisdiction based on diversity of citizenship; for pre-judgment and post-judgment interest thereon at the maximum rates provided by applicable

law; for his court costs and attorney's fees; and for all other proper relief to which he may be entitled.

RESPECTFULLY SUBMITTED,

**DASPIT LAW FIRM**
124 W. Capitol Ave., Ste. 1820
Little Rock, AR 72201
Phone: (501) 512-0367
Fax:    (713) 587-9086
e-service@daspitlaw.com
*Attorneys for Plaintiff*

By:

Lee D. Curry     Ark. Bar No. 2014153
Jared W. Capps    Ark. Bar No. 2023098
lcurry@daspitlaw.com
jcapps@daspitlaw.com